UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIA ALLEN,**

        **Plaintiff,**

**v.**                                                         **Case No:   6:15-cv-1992-Orl-41GJK**

**FLIPPERS PIZZERIA #11, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION AND MEMORANDUM OF LAW REQUESTING APPROVAL OF SETTLEMENT AND ENTRY OF AN ORDER OF DISMISSAL (Doc. No. 30)**
>
> **FILED:**      **May 16, 2016**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.**    **BACKGROUND.**

On October 25, 2015, Maria Allen (the "Plaintiff") filed a complaint (the "Complaint") against Flippers Pizzeria #11, LLC (the "Defendant") in Florida's Ninth Judicial Circuit Court, alleging unpaid minimum wages under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et. seq*. (the "FLSA"), as well as the Florida Minimum Wage Act, § 448.110, Florida Statutes (the "FMWA"), retaliation under the FLSA and the FMWA, and employment discrimination under Article 24 of the Florida Constitution.  Doc. No. 2 at 1-10.  On November 23, 2015, Defendant removed this action to the District Court on the basis of this Court's federal question jurisdiction.

Doc. No. 1. Plaintiff alleges she was employed by Defendant as a server from May 8, 2013 through approximately October 22, 2013. Doc. No. 18 at 2. On May 16, 2016, the parties filed a Joint Motion and Memorandum of Law Requesting Approval of Settlement and Entry of an Order of Dismissal (the "Motion"), requesting that the Court approve their Confidential Settlement Agreement and Release (Doc. No. 25-1) (the "Agreement") and dismiss the case with prejudice. Doc. No. 25 at 5.

This matter has been referred to the undersigned for a report and recommendation. Doc. No. 7. For the reasons that follow, the undersigned recommends that the Court grant the Motion.

## II. LAW.

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. *See also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked

Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52.[2] In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 F. App'x at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff*, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the

---

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds that reasoning persuasive.

### III. ANALYSIS.

#### A. Settlement of Plaintiff's FLSA Claims.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute. Doc. Nos. 2; 6; 18; 25-1 at ¶ 14. The parties are represented by independent counsel, who are obligated to vigorously represent their clients. *Id*. In Plaintiff's answers to the Court's Interrogatories, Plaintiff claimed she was owed $1,748.34 in unpaid wages. Doc. No. 18 at 3 ("I believe the total amount of wages I am owed, between off-the-clock hours and tip credited hours, to be $1,748.34."). Under the Agreement, in exchange for a general release, confidentiality provision, mutual non-disparagement agreement, and a waiver of future employment with the Defendant, Plaintiff agreed to accept a total settlement amount of $6,250.00, representing $1,750.00 in unpaid wages, $1,750.00 in liquidated damages, $500.00 as separate consideration for the Agreement's other conditions, and $2,250.00 payable to Plaintiff's counsel for attorneys' fees and costs. Doc. No. 25-1 at ¶ 4.

As a result of Plaintiff receiving $1,750.00 in unpaid wages and an equal amount in liquidated damages, Plaintiff has not compromised her claim for unpaid wages under the FLSA. When, as is the case here, a plaintiff does not compromise her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable"); *Siena v. Morris Publ'g Grp., LLC*, Case No. 3:08-cv-491-J-32MCR, 2008 WL 4097600, at *1

(M.D. Fla. Sept. 4, 2008) (citing authority). Accordingly, it is **RECOMMENDED** that the Court find the amount of Plaintiff's settlement to be fair and reasonable.

### B. Attorneys' Fees.

Under the Agreement, Plaintiff's counsel will receive a total of $2,250.00. Doc. Nos. 25-1 at 3. In the Motion, the parties represent attorneys' fees were negotiated separate and apart from Plaintiff's recovery. Doc. No. 25 at 3. The settlement is reasonable on its face, and the parties' foregoing representation adequately establishes the reasonableness of the attorneys' fees under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** the Court find the attorneys' fees allocated under the Agreement to be fair and reasonable..

### C. General Release, Confidentiality, and Non-Disparagement.

The Agreement contains a general release of any and all claims Plaintiff may have against the Defendant, a confidentiality provision, a mutual non-disparagement clause, and a waiver of future employment by Plaintiff. Doc. No. 25-1 at ¶¶ 5-11.[5] As set forth above, Plaintiff is receiving an additional $500.00 as consideration for the other conditions of the Agreement. Doc. No. 25-1 at 3. Courts in this District have, in narrow circumstances, approved FLSA settlements where the plaintiff is receiving full compensation of his or her FLSA claim, as well as additional consideration for a general release, confidentiality provision, and/or a non-disparagement clause. *Weldon v. Blackwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional

---

[5] The Agreement does not contain a severability clause. Doc. No. 25-1.

consideration for same); *Caamal v. Shelter Mortg. Co., LLC*., 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *1, 4-5 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement where plaintiff received full compensation and additional $500.00 for release, non-disparagement agreement, and waiver of future employment); *Smith v. Aramark Corp*., No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement). The undersigned is persuaded that this case is analogous to the situations cited above and, therefore, based upon the additional consideration Plaintiff will receive, which is greater than Plaintiff could arguably recover under the FLSA, the general release, confidentiality, non-disparagement, and waiver of future employment provisions do not effect the reasonableness or fairness of the Agreement. Accordingly, it is **RECOMMENDED** that the Court find the Agreement to be a fair and reasonable resolution of Plaintiff's FLSA claim for unpaid wages.

**IV. CONCLUSION.**

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order:

1. **GRANTING** the Motion (Doc. No. 25) to the extent that the Court finds the Agreement (Doc. No. 25-1) to be a fair and reasonable resolution of Plaintiff's FLSA claim;
2. **DISMISSING the case with prejudice**; and
3. **DIRECTING** the Clerk to close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.  **In order to expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on May 18, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties